NORMA J. HANNIGAN, Plaintiff-Appellant, v. COUNTRY MUTUAL IN-
SURANCE COMPANY, Defendant-Appellee.

First District (1st Division)   No. 1—92—1751

Opinion filed May 31, 1994.

Carponelli & Krug, P.C., of Chicago (Stephen P. Carponelli and James V. Noonan, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (Bruce L. Carmen and Keith G. Carlson, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

This is an appeal by plaintiff Norma Hannigan from a judgment of the trial court denying her motion for declaratory judgment against defendant Country Mutual Insurance Company, and granting defendant's motion to dismiss plaintiff's suit. Plaintiff sought to have the trial court determine that she was entitled to underinsured motorist coverage and that her right to arbitration under an insurance policy with defendant had not lapsed. Defendant filed a motion to dismiss that action and the trial court granted that motion.

According to the record, in December 1986, plaintiff purchased an automobile insurance policy from defendant. The policy covered plaintiff for public liability while operating an automobile. The policy included a provision in section 2 covering uninsured-underinsured motorists coverage. An underinsured motor vehicle was defined as "any type of motor vehicle or trailer for which the sum of all liability bonds or policies at the time of an accident are [sic] less than the limit of this insurance." The insurance policy also contained a provision which provided that if the insured had paid the premium for uninsured or underinsured motorist coverage, the insurer would "pay damages which insured is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by the insured and caused by an accident." The policy further provided that the insurer would "pay only after all liability bonds or policies have been exhausted by judgments or payments." Moreover, the policy contained a clause under section 2 which provided as follows:

"No suit, action or arbitration proceeding for recovery of any claim may be brought against us until the insured has fully complied with all terms of this policy. Further, any suit, action or

arbitration will be barred unless commenced within two years after the date of the accident. Arbitration proceedings will not commence until we receive your written demand for arbitration."

On February 25, 1988, plaintiff's automobile was involved in an accident with an automobile driven by Frank Affrunti. Plaintiff sustained personal injuries resulting from the accident and filed a civil suit against Affrunti on August 29, 1989. Plaintiff received answers to her interrogatories served upon Affrunti on July 5, 1990, and became aware of the fact that Affrunti had an insurance policy in effect at the time of the accident and that the limits on the policy were $30,000. Plaintiff made a demand upon Affrunti for the policy limits. The action was later settled for $27,500.

On April 25, 1991, plaintiff made a written demand upon defendant for arbitration. On May 23, 1991, defendant denied plaintiff's claim for arbitration and underinsured coverage.

On October 4, 1991, plaintiff filed an action for declaratory judgment against defendant. On January 3, 1992, defendant filed a motion to dismiss plaintiff's action pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619). In its motion defendant alleged that plaintiff failed to file suit and make a demand for arbitration within the two-year period after the accident as required by the provision of the policy. Plaintiff filed a response to defendant's motion to dismiss alleging that she did not discover the inadequacy of Affrunti's policy until after the two-year limitations period had run. Plaintiff contended that the two-year limitations period should have begun on the date she discovered that she suffered a compensable loss, which she maintained was the date she discovered Affrunti's underinsurance. On May 13, 1992, the court granted defendant's motion to dismiss and denied plaintiff's motion for declaratory judgment. This appeal followed.

Plaintiff first argues that the court erred in denying her motion for declaratory judgment and granting defendant's motion to dismiss. Specifically, plaintiff contends that the trial court's reliance upon the case of *Shelton v. Country Mutual Insurance Co.* (1987), 161 Ill. App. 3d 652, 515 N.E.2d 235, is unpersuasive as the facts in the instant case are factually distinguishable.

In *Shelton*, plaintiff was insured under a policy with defendant Country Mutual which contained a provision requiring that any legal action against defendant be brought within two years after the date of the accident. Plaintiff was subsequently involved in an automobile accident with the driver of a vehicle whose vehicle was insured by State Farm Insurance Company. The vehicle was insured to a maximum liability of $25,000. State Farm paid this amount to the

insured party on November 19, 1984. On January 21, 1985, plaintiff's attorney served notice of an attorney's lien on Country Mutual, plaintiff's own insurer, for underinsured motorist benefits. No further action was taken against Country Mutual at that time. On October 7, 1985, Country Mutual denied the claim by plaintiff's attorney because the two-year statute of limitations had passed.

Plaintiff filed an action for declaratory judgment alleging that the Country Mutual policy contained underinsured motorist benefits of $50,000, which she asserted covered the injuries incurred as a result of her accident. Country Mutual subsequently filed its section 2—619 motion to dismiss, alleging that plaintiff failed to comply with the policy requirements that the lawsuit be filed within two years of the date of the accident. The trial court granted that motion. Plaintiff appealed, arguing that when the limitations clause and the exhaustion clause of the insurance policy are read together, the terms become ambiguous and contradict each other. The appellate court held that the exhaustion clause and the limitations clause did not conflict. The court reasoned that the exhaustion clause in no way conditioned when a suit could be filed against Country Mutual, but instead established only when Mutual would pay a claim. (*Shelton*, 161 Ill. App. 3d at 657.) The court further held that the two-year limitations period contained in the insurance policy did not violate public policy. *Shelton*, 161 Ill. App. 3d at 658.

■ The law is clear that the language of an insurance policy, when uncertain, ambiguous, or subject to more than one interpretation, is to be construed in favor of the insured and most strongly against the insurer. (*Anderson v. Vrahnos* (1986), 149 Ill. App. 3d 251, 500 N.E.2d 110.) When an insurance policy is ambiguous, the insured should be deemed covered. (*Z.R.L. Corp. v. Great Central Insurance Co.* (1987), 156 Ill. App. 3d 856, 859, 510 N.E.2d 102.) However, our supreme court has added that an insurance policy in which no ambiguity appears is to be read as any other contract, that is, according to the plain and ordinary meaning of its terms. (*Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921.) Further, in interpreting the provisions of an insurance contract, the entire document should be examined, considering the language of the policy as well as the subject matter and purpose of the contract. *Jeczala v. Lincoln National Life Insurance Co.* (1986), 146 Ill. App. 3d 1043, 1047, 497 N.E.2d 514.

■ In the instant case, under "Conditions, section 2, subparagraph 7," the policy clearly states:

"No suit, action or arbitration proceedings for recovery of any claim may be brought against us until the insured has fully

complied with all terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident. Arbitration proceedings will not commence until we receive your written demand for arbitration."

The language here is clear and unambiguous. Plaintiff was required to serve notice of arbitration upon defendant within two years after the date of the accident. The accident occurred on February 25, 1988; therefore, plaintiff was required to bring her action by February 25, 1990. The notice was filed on April 25, 1991, over a year past the statutory requirement.

Plaintiff contends that the instant case is factually distinguishable from *Shelton*. Plaintiff maintains that the insured in *Shelton* had exhausted her recovery avenues over eight months prior to the expiration of the two-year limitations period. Additionally, plaintiff contends that the insured in *Shelton* was aware of the tortfeasor's insufficient coverage, but did not make her claim on the underinsured motorist provision until that limitations period had expired. Plaintiff asserts that, unlike the insured in *Shelton*, in this case she did not become aware of the insufficiency of the tortfeasor's coverage until July 5, 1990, four months after the two-year period had lapsed. Plaintiff maintains that the court in *Shelton* did not resolve what happens in the instance when it is impossible to comply with the limitations provisions where the insured does not become aware of the underinsurance until after the limitations period has run. Plaintiff contends that she had no knowledge of the tortfeasor's inadequate coverage until four months after the two-year limitations period had expired and that she could not make a written demand without knowledge that the tortfeasor was in fact underinsured.

Plaintiff cites to *Heneghan v. State Security Insurance Company* (1990), 195 Ill. App. 3d 447, 552 N.E.2d 406, for the proposition that in an action to recover under the uninsured motorist provisions of an insurance policy, the limitations period does not commence at the time of the accident, but after trial and the trier of fact has determined liability. In *Heneghan*, the plaintiff was insured under a policy requiring that any claim under the uninsured motorist provision of the policy be brought within two years "after the occurrence of loss." Plaintiff claimed that a certain uninsured driver was liable for injuries he received, but the uninsured motorist contested liability. The appellate court held that it would be absurd to require plaintiff to file a claim for arbitration of an uninsured-motorist claim before a determination had been made, in separate litigation, that the uninsured party was liable for plaintiff's injuries. The court further held that the limitations period did not begin to run until the

uninsured party was adjudged the responsible party in other proceedings.

Plaintiff has failed to fully set forth the facts in *Heneghan*. In that case, a threshold question existed as to which of two possible tortfeasors was responsible for causing the injuries to plaintiff. The plaintiff in *Henneghan* named both parties. The court stated that "[w]hether the tortious driver was insured is relevant to the issue of uninsured-motorist coverage and must be determined by a trial court before arbitration can proceed." (*Heneghan*, 195 Ill. App. 3d at 453.) The court then explained that it would be absurd to require plaintiff to file a claim for arbitration of an uninsured-motorist claim before the trier of fact determined who was the driver of the offending vehicle. (*Heneghan*, 195 Ill. App. 3d at 453.) Further, the court found significant the fact that the conduct of defendant's insurer in encouraging plaintiff to delay filing of his demand for arbitration was calculated to "lull plaintiff into the reasonable belief that arbitration—if indeed warranted—would be held off until the jury determined whether the insured or the uninsured defendant was at fault." 195 Ill. App. 3d at 453.

Those facts are not present in the instant case. Here, there was no issue of which tortfeasor was responsible for the insured's injuries. There was only one tortfeasor in this case. Further, plaintiff does not allege that defendant took any action to encourage delay in filing of her demand for arbitration, nor are there facts of record that the insurer took any affirmative action calculated to give plaintiff a reasonable belief that if arbitration were warranted it would be held off. We, therefore, find plaintiff's argument unpersuasive.

Plaintiff also cites to *Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 557 N.E.2d 1281, for the proposition that the limitations period begins to run only when a determination of liability has been made either by settlement or by judgment. In that case, the policy under which the insured was covered provided that any suit, action or arbitration proceedings must be brought within two years "after the occurrence of the loss." (199 Ill. App. 3d at 1018.) The policy also contained a provision which stated that the insurer would pay out for damages occurring under the policy involving an underinsured motor vehicle "only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." (199 Ill. App. 3d at 1018.) In granting plaintiff's motion for summary judgment, the trial court stated that the language of the policy was "confusing to the point of being misleading" because of the apparent conflict between the exhaustion provision and the limitations provision. 199 Ill. App. 3d at 1021.

The appellate court, in construing what the trial court determined to be conflicting provisions, explained that in the context of the uninsured motorist coverage, the "loss" which will be incurred by plaintiff is that of damages to the extent that they exceed the insurance policy limits of the defendants in the personal injury action. The court stated that the "loss" stems from the tortfeasors' underinsurance relative to the plaintiff's damages. The court held that plaintiff cannot be said to have suffered a loss until it is determined, either by judgment in or settlement of the personal injury lawsuit. *Butler*, 199 Ill. App. 3d at 1023.

The facts in *Butler* are distinguishable from the instant case. In this case, the contract specifically stated that any suit, action, or arbitration would be barred unless commenced within two years after the date of the accident. This provision is unambiguous. The provision in the policy at issue in *Butler* was not as clear. The language stated that the action be commenced within two years of the "loss." The policy did not specifically state when the "loss" was to be determined. The court found that this created the ambiguity. However, in the instant case, the policy clearly required that the action be commenced within two years *after the date of the accident* (emphasis added). We find the language unambiguous and certain.

■ Plaintiff next argues that the two-year limitations period set forth in the insurance policy is contrary to the two-year personal injury statute of limitations. The court in *Shelton* addressed this same argument. The court stated that actions seeking to enforce the uninsured motorist provisions of an automobile insurance policy, though derivative of an underlying tort, are based on the insurance contract and that, therefore, in the absence of a provision governing when a suit thereon would have to be initiated, the contract limitations period governs. (*Shelton*, 161 Ill. App. 3d at 658.) The Country Mutual policy provided for a two-year limitations period. The trial court held in that case that the two-year statute of limitations period contained in the insurer's policy did not violate public policy. (*Shelton*, 161 Ill. App. 3d at 660.) We choose to follow *Shelton*.

■ Plaintiff finally argues that the trial court should have applied the discovery rule to the instant case. Under the discovery rule, a statutory limitations period is computed from the time at which the plaintiff knew or should have known of the existence of the right to sue. (*Cundiff v. Unsicker* (1983), 118 Ill. App. 3d 268, 272, 454 N.E.2d 1089.) Plaintiff asserts that she did not become aware of the tortfeasor's inadequate coverage until he answered the interrogatories on July 5, 1990. She asserts that this date was over four months after the two-year limitations period expired. Plaintiff further contends

that she settled the case in July 1991, 17 months after the limitations period had run.

Plaintiff attempts to distinguish *Shelton* on the basis that plaintiff there discovered the tortfeasor's underinsurance over 10 months before the two-year limitations period expired, and settled the underlying personal injury claim over eight months before the period expired. Plaintiff asserts that this was the court's basis for not applying the discovery rule in *Shelton*.

Plaintiff's argument is without merit. The policy provision at issue here was clear in its requirements, making it unnecessary for the discovery rule to be applied. The policy stated that the demand for arbitration must be brought within two years of the accident. Therefore, there was no need to determine when plaintiff knew or should have known of the existence of the right to sue. The claim was to be made within two years of the accident.

■ The decision to grant or to deny a request for declaratory relief rests within the sound discretion of the trial court, and that determination will not be disturbed absent an abuse thereof. (*Marlow v. American Suzuki Motor Corp.* (1991), 222 Ill. App. 3d 722, 728, 584 N.E.2d 345.) We examine a section 2—619 motion to dismiss a complaint under an assumption that all well-pled facts in the complaint are true; if the complaint is dismissed, it will be based upon a conclusion that the facts do not state a cause of action as a matter of law. (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 232, 408 N.E.2d 198.) Here, it is undisputed from the pleadings that plaintiff did not file her claim for arbitration within two years after the accident. Thus, the trial court did not err in granting defendant's motion to dismiss and denying plaintiff's motion for declaratory judgment.

Accordingly, the judgment of the circuit Court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.