DONALD HERMANSON, Plaintiff-Appellant, v. COUNTRY MUTUAL IN-SURANCE COMPANY, Defendant-Appellee.

First District (5th Division) No. 1—93—2034

Opinion filed November 4, 1994.

Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago (Howard A. London, of counsel), for appellant.

John J. Foley and Perry M. Shorris, both of John J. Foley & Associates, P.C., of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Donald Hermanson appeals the dismissal of his declaratory judgment complaint seeking uninsured motorist benefits under an automobile insurance policy issued by defendant, Country Mutual Insurance Company. We affirm.

On December 16, 1989, plaintiff sustained injuries while a passenger in a car owned and operated by Elaine Hofer which was struck by an uninsured motorist. Plaintiff made a bodily injury claim under Hofer's Country Mutual insurance policy for injuries caused by Hofer's negligence and settled this claim for the policy's liability limit of $100,000, plus $10,000 in medical payments.

On May 25, 1990, plaintiff made a claim for benefits under the uninsured motorist provisions of the Country Mutual policy. On May 31, 1990, Country Mutual denied, in writing, plaintiff's claim contending that a setoff provision barred any recovery of uninsured motorist benefits in this case. Country Mutual stated in the letter that according to the policy, the limit of liability for an uninsured motorist is reduced by the total payments of bodily injury liability insurance. Country Mutual therefore explained that because Country Mutual paid plaintiff the $100,000 policy limit under bodily injury coverage and the uninsured motorist coverage is $100,000, plaintiff would not have an insured motorist claim for this accident. On July 10, 1991, and September 18, 1991, plaintiff wrote to Country Mutual contending that *Hoglund v. State Farm Mutual Automobile Insurance Co.* (1991), 211 Ill. App. 3d 600, 570 N.E.2d 553, precluded any setoff. On September 23, 1991, Country Mutual sent plaintiff's attorney a letter distinguishing *Hoglund* and reiterating its denial of coverage.

The policy also provided that if Country Mutual and the insured disagreed over whether the insured is legally entitled to recover damages from the owner of an uninsured vehicle, a written demand for arbitration could be made. On October 9, 1991, plaintiff's attorney wrote a letter to Country Mutual demanding arbitration. On October 31, 1991, Country Mutual denied, in writing, plaintiff's arbitration

demand. On November 7, 1991, plaintiff's attorney wrote Country Mutual asking it to reconsider. On January 16, 1992, Country Mutual wrote plaintiff's attorney, refusing to participate in arbitration. On March 19 and March 26, 1992, plaintiff's attorney wrote additional letters requesting reconsideration. On April 14, 1992, Country Mutual wrote a letter refusing to waive its setoff rights and anticipating plaintiff filing a declaratory judgment action.

On August 12, 1992, plaintiff filed this declaratory judgment action. On January 29, 1993, defendant filed a motion to dismiss claiming that plaintiff's complaint was filed beyond the two-year limitations provision contained in the policy and that the policy's setoff provision precluded any recovery. On May 12, 1993, the trial court granted the motion to dismiss on the ground that the complaint was untimely. Plaintiff filed this timely appeal.

The limitations provision of the Country Mutual insurance policy at issue here provides:

"Legal Action Against Us. No suit, action or arbitration proceedings for recovery of any claim may be brought against us until the insured has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident."

Plaintiff demanded arbitration within two years after the accident. However, he failed to file his lawsuit within the two-year period. We must therefore determine whether the insured must commence arbitration *and* file a civil suit within two years, or whether it is sufficient to simply commence arbitration within two years.

■ Plaintiff claims that the provision is ambiguous because it does not make it clear to the insured that although he has commenced arbitration within the two-year period, he must also commence a lawsuit under the policy within the same two years. The construction of an insurance policy presents a question of law. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 607 N.E.2d 1204.) If the words in the policy are unambiguous, a court must afford them their plain, ordinary and popular meaning. (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 578 N.E.2d 926.) If the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer who drafted the policy. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872.

Several cases have discussed whether the provision at issue here is ambiguous. In *Hannigan v. Country Mutual Insurance Co.* (1994), 264 Ill. App. 3d 336, the court found that the provision unambigu-

ously stated that an arbitration demand must be made within two years of the accident. In *Shelton v. Country Mutual Insurance Co.* (1987), 161 Ill. App. 3d 652, 515 N.E.2d 235, the court rejected plaintiff's claim that when the limitations provision and the policy's exhaustion clause are read together, they become ambiguous and contradict each other. In *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 404 N.E.2d 473, the court found that the provision adequately informed the insured of the required form of an arbitration demand. None of these cases, however, discuss the specific issue raised here. The issue of whether the provision clearly informed plaintiff that he was required to both file a claim for arbitration and file suit within two years of the accident is an issue of first impression.

■■ ■ We find the language here to clearly and unambiguously require the filing of both an arbitration demand and a lawsuit within two years of the accident. Plaintiff claims that if the provision is interpreted in this manner, the provision would in many cases be impossible to comply with since often arbitration demands are not rejected until the two-year period has expired. However, section 143.1 of the Illinois Insurance Code provides:

> "Periods of limitation tolled. Whenever any policy of contract for insurance, except life, accident and health, fidelity and surety, and ocean marine policies contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." (215 ILCS 5/143.1 (West 1992).)

Plaintiff claims that the only reasonable construction of section 143.1, as applied to this case, is that the running of the two-year limitations period was tolled from the date proof of loss was filed (May 25, 1990), until the denial of arbitration on October 31, 1991. However, with this interpretation, an insured could circumvent the limitations period by delaying a demand for arbitration indefinitely, without regard for the two-year limitations period. We do not accept plaintiff's interpretation since to do so would be contrary to the well-established rule that an insurer has a right to set reasonable limitation periods in the policy. *Shelton v. Country Mutual Insurance Co.* (1987), 161 Ill. App. 3d 652, 515 N.E.2d 235.

■ Rather, we find a more reasonable interpretation of the tolling provision to provide that the limitations period was tolled for six days between the initial claim and the denial and it was tolled for an additional 22 days between plaintiff's arbitration demand and the date of Country Mutual's rejection of that demand. The deadline for plaintiff to file his complaint was therefore extended from December

16, 1991, to January 13, 1992. Since plaintiff did not file this declaratory judgment action until August 12, 1992, the complaint was untimely filed.

Plaintiff claims that Country Mutual has waived or should be estopped from asserting the policy's two-year limitations provision because in Country Mutual's letters standing by its denial of arbitration, Country Mutual did not mention the two-year contractual limitation or raise this defense prior to the expiration of the two-year period. An insurer will be estopped from raising a limitations defense where its actions during negotiations are such as to lull the insured into a false sense of security, thereby causing him to delay the assertion of his rights. (*Sponeman v. Country Mutual Insurance Co.* (1983), 120 Ill. App. 3d 211, 457 N.E.2d 1031.) We agree with the trial court that plaintiff was in no way lulled into a false sense of security which caused him to delay filing suit. Country Mutual at no time wavered from its position denying plaintiff's claim. Once Country Mutual denied plaintiff's initial claim and his demand for arbitration, it never expressed any desire to negotiate its position. No waiver occurs where the insurer denied liability and did nothing thereafter to indicate either that it would reconsider its decision or that it would waive the period for bringing suit. *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 393 N.E.2d 1223.

We therefore conclude that the limitations provision in Country Mutual's policy clearly provided that plaintiff must file his demand for arbitration as well as his lawsuit within two years of the accident. Because plaintiff failed to comply with this provision, we affirm the trial court order dismissing plaintiff's complaint. Based on this decision, we need not address defendant's contention that *Hoglund v. State Farm Mutual Automobile Insurance Co.* (1992), 148 Ill. 2d 272, 592 N.E.2d 1031, bars any setoff. We do note, however, that if plaintiff had filed a timely declaratory judgment action in this case, his chances of prevailing on the merits were very slim since only one tortfeasor was involved in this case. At least one reviewing court in this State has limited the rule in *Hoglund* to factual situations involving more than one tortfeasor. See *Banes v. Western States Insurance Co.* (1993), 247 Ill. App. 3d 480, 616 N.E.2d 1021.

Affirmed.

GORDON and COUSINS, JJ., concur.