DEBRA L. VANSICKLE, Plaintiff-Appellant, v. COUNTRY MUTUAL IN-
SURANCE COMPANY, Defendant-Appellee.

Fourth District    No. 4—94—0921

Argued May 24, 1995.—Opinion filed June 8, 1995.

Jeffrey D. Frederick (argued), of Johnson, Frank, Frederick & Walsh, of Urbana, for appellant.

Hurshal C. Tummelson (argued), of Tummelson, Bryan & Knox, of Urbana, for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff Debra Vansickle appeals from an order of the circuit court of Champaign County dismissing her amended complaint against her underinsured (UIM) coverage carrier, defendant Country Mutual Insurance Company (Country Mutual).

Vansickle was involved in an automobile accident, and the vehicle insurance coverage for the other vehicle provided a maximum of $25,000 personal injury coverage. Vansickle's vehicle insurance cover-

age (uninsured (UM) and UIM) was $50,000. The other driver's insurance carrier tendered the $25,000 coverage more than two years after the accident, which Vansickle accepted. Vansickle then sought $25,000 from Country Mutual under her UIM coverage. Country Mutual denied the claim because the policy provided the following among the conditions in section 2, UM-UIM coverage:

> "*Legal Action Against Us.* No suit, action or arbitration proceedings for recovery of any claim may be brought against *us* until the *insured* has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident. Arbitration proceedings will not commence until *we* receive *your* written demand for arbitration." (Emphasis in original.)

Neither party made a demand for arbitration, which was not required for UIM coverage. Vansickle filed a complaint, alleging (1) coverage under the insurance contract, (2) unreasonable delay, and (3) consumer fraud and deceptive practices. In dismissing the complaint, the trial court was enforcing the contract provision requiring legal action within two years after the date of the accident.

■ On appeal, Vansickle argues the suit limitation effectively denies her UIM motorist coverage because she could not know she had a claim until settlement with or judgment against the other driver which, in this case, occurred after the two-year limitation period had expired. Vansickle claims this court should either construe "accident" as meaning "loss" (see *Butler v. Economy Fire & Casualty Co.* (1990), 199 Ill. App. 3d 1015, 1021-22, 557 N.E.2d 1281, 1285-86) or find the limitation void as against public policy and apply the 10-year statute of limitations for contracts (see *Shelton v. Country Mutual Insurance Co.* (1987), 161 Ill. App. 3d 652, 658, 515 N.E.2d 235, 239). We first note that courts are not in the habit of giving new definitions to words of established meaning (*Hermanson v. Country Mutual Insurance Co.* (1994), 267 Ill. App. 3d 1031, 1033, 642 N.E.2d 857, 859), and we decline to do so here. We find the language of the limitation provision is clear and unambiguous: Vansickle must file suit within two years after the date of the accident. (See *Hermanson,* 267 Ill. App. 3d at 1033-34, 642 N.E.2d at 859.) She could have tolled the two-year limitation by filing a proof of claim or a demand for arbitration. The tolling would have continued until the denial of the proof of loss and the refusal to arbitrate. 215 ILCS 5/143.1 (West 1992); *Hermanson,* 267 Ill. App. 3d at 1034, 642 N.E.2d at 859-60.

We have two alternatives for resolving this issue: (1) declare the limitation provision void as against public policy, or (2) uphold the limitation provision. The first alternative is an extraordinary rem-

edy, and we find it unpalatable. Insurance companies are entitled to reasonably limit their exposure from an insurance contract. (See *Wilson v. Indiana Insurance Co.* (1986), 150 Ill. App. 3d 669, 672, 502 N.E.2d 69, 71.) Accordingly, we uphold the limitation provision.

We are not unmindful of the problems created when an insured's legal action against a tortfeasor is prolonged past the two-year period. Nevertheless, the insured can sufficiently allege a cause of action for UIM motorist benefits if she has sufficient facts to proceed against the tortfeasor. The only additional allegations required are that the insured's damages and the UM-UIM coverage exceed the tortfeasor's liability insurance. Insurance companies that utilize suit limitation provisions must expect to be subjected to lawsuits which allege the likelihood of liability under the UM-UIM coverage. Of course, the insurance company can avoid the lawsuit by agreeing with the insured to put the UM-UIM issue on hold until the resolution of the action against the tortfeasor. As a practical matter, this is an insurance company's probable (and most reasonable) course of action.

█ Vansickle also asserts an estoppel argument, but she waived that issue by failing to raise it in the proceedings below. (*Eagan v. Chicago Transit Authority* (1994), 158 Ill. 2d 527, 534, 634 N.E.2d 1093, 1097.) Furthermore, since we uphold the limitation provision, Vansickle's allegations of unreasonable delay and deceptive practices are also without merit and properly dismissed by the circuit court.

Affirmed.

KNECHT, P.J., and COOK, J., concur.