DONALD WANCHO, Plaintiff-Appellant, v. COUNTRY MUTUAL INSUR-
ANCE COMPANY, Defendant-Appellee.

Second District    No. 2—95—0514

Opinion filed October 23, 1995.

Aram A. Hartunian, of Aram A. Hartunian & Associates, and Richard I.
Levin, of Pekin & Levin, both of Chicago, for appellant.

D. Kendall Griffith and Bruce L. Carmen, both of Hinshaw & Culbert-
son, and Keith G. Carlson, of Kilgallon, Carlson & Simkus, both of Chicago,
for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Donald Wancho, appeals the dismissal of his com-
plaint for declaratory judgment against the defendant, Country
Mutual Insurance Company. At issue on appeal is whether a limita-
tions provision contained in the underinsured motorist coverage is-
sued by the defendant barring any suit, action, or arbitration "unless
commenced within two years after the date of the accident" is
unenforceable as against Illinois public policy, where the insured did
not know and could not have known that his damages would exceed
the tort-feasor's liability insurance within that time frame. We af-
firm.

The facts of the case, stated briefly and as set forth in the
plaintiff's amended complaint, are as follows. The plaintiff was
injured in an automobile accident in August 1991. In December 1993,
he underwent a surgical procedure for the fusion of his lumbar spine.

In March 1994, the plaintiff learned for the first time that his lumbar spine condition had been caused by the 1991 collision and that his damages would exceed the $300,000 liability insurance coverage of the operator of the other vehicle.

The defendant denied the plaintiff's subsequent request for arbitration of his underinsured motorist claim on the ground that the plaintiff failed to comply with the limitation provision contained in the policy, which stated: "Any suit, action or arbitration will be barred unless commenced within two years from the date of the accident." Following the denial of his request, the plaintiff filed the instant declaratory judgment action. The trial court granted the defendant's motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)), and the plaintiff timely appealed.

In *Hannigan v. Country Mutual Insurance Co.* (1994), 264 Ill. App. 3d 336, the Appellate Court, First District, held that a two-year limitation provision identical to the one at bar was "unambiguous and certain" and not violative of public policy (264 Ill. App. 3d at 342). Further, the court stated, "The policy provision at issue here was clear in its requirements, making it unnecessary for the discovery rule to be applied. The policy stated that the demand for arbitration must be brought within two years of the accident. Therefore, there was no need to determine when plaintiff knew or should have known of the existence of the right to sue. The claim was to be made within two years of the accident." *Hannigan*, 264 Ill. App. 3d at 343.

*Hannigan* was subsequently followed by the Appellate Court, Fourth District, in *Vansickle v. Country Mutual Insurance Co.* (1995), 272 Ill. App. 3d 841. Noting that insurance companies are entitled to reasonably limit their exposure from an insurance contract, the *Vansickle* court rejected the "unpalatable" and extraordinary remedy of declaring the two-year limitation provision void as against public policy. *Vansickle*, 272 Ill. App. 3d at 843.

We choose to follow the decisions of the first and fourth districts and uphold the limitation provision. Accordingly, we find that the trial court did not err in granting the defendant's motion to dismiss, as the plaintiff's request for arbitration was not filed within two years after the accident.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.

Affirmed.

DOYLE and HUTCHINSON, JJ., concur.