GARY K. FLATT, Plaintiff-Appellant, v. COUNTRY MUTUAL INSUR-
ANCE COMPANY, Defendant-Appellee.

Fourth District    No. 4—96—1004

Argued June 18, 1997.—Opinion filed July 17, 1997.

Robert C. O'Neal and R. Thomas Avery (argued), both of Riezman &
Blitz, P.C., of St. Louis, Missouri, for appellant.

Stephen C. Mudge and Tara Inlow English (argued), both of Reed, Arm-
strong, Gorman, Coffey, Gilbert & Mudge, P.C., of Edwardsville, for appellee.

JUSTICE COOK delivered the opinion of the court:

An insured filed a declaratory judgment action seeking to hold his insurer liable under the terms of an underinsured motorist (UDIM) provision in his insurance policy. The trial court granted the insurer's motion to dismiss, and the insured appeals, claiming: (1) the insurance policy's provision requiring actions for UDIM coverage to be brought within two years of the accident violates public policy; and (2) provisions of the policy are conflicting and ambiguous, requiring the application of the 10-year statute of limitations for contract actions in this case. We affirm.

I

This case involves the interaction of three insurance policies. On January 24, 1990, plaintiff Gary Flatt was injured when his truck was struck by a truck driven by Russell Juhl and owned by Russell's sons, Thomas and Robert. At the time of the accident, Flatt carried an insurance policy with Country Mutual Insurance Company (Country Mutual) (the Country Mutual policy) that included a UDIM provision with limits of $250,000. The truck Russell was driving was covered by an owner's insurance policy (the primary policy) with liability coverage of $100,000. Finally, Russell had insured his own vehicles through General Casualty Company of Illinois (General Casualty). This policy (the General Casualty policy) had a $250,000 limit for bodily injury. It appears that Flatt provided his insurance company, Country Mutual, with prompt notice of the accident.

Flatt and his wife filed suit against Russell and Thomas on January 6, 1992. At that time, Flatt was unaware of the General Casualty policy. In July 1992, Flatt answered an interrogatory indicating he was seeking damages amounting to $400,000.

In January 1993, Flatt sent his first set of interrogatories to Russell. Russell's answers to the interrogatories, filed March 4, 1993 (more than three years after the accident), indicated that the truck Russell was driving at the time of the accident was covered by the primary policy. The answers to the interrogatories also revealed that Russell was covered by the General Casualty policy but that Russell had not notified General Casualty of the accident "because he was not aware that his coverage [the General Casualty policy] *** might be excess or involved in any way." Flatt first became aware of the General Casualty policy through the answers to the interrogatories.

In November 1994, General Casualty sought a declaratory judgment that its policy with Russell did not cover Russell's liability to Flatt. General Casualty argued that Russell had violated the terms of the policy by failing to provide it with adequate notice of the accident.

On November 20, 1995, Flatt filed this declaratory judgment action against Country Mutual. Flatt sought enforcement of the UDIM clause in the Country Mutual policy. Country Mutual filed a motion to dismiss Flatt's action (735 ILCS 5/2—619 (West 1992)) because Flatt had not brought suit against it within two years of the accident, as required by the policy.

In December 1995, the trial court ruled against Russell's insurance company, General Casualty, requiring the company to provide Russell with excess insurance coverage for any liability arising from the accident that was not covered by the primary policy. General Casualty appealed. In August 1996, this court reversed and remanded, holding that the $7^1/_2$-month delay, from the time Flatt indicated the case was worth $400,000 to the time Russell actually notified General Casualty, was an unreasonable delay nullifying the coverage of Russell's policy with General Casualty. *General Casualty Co. v. Juhl*, 283 Ill. App. 3d 376, 381, 669 N.E.2d 1211, 1214 (1996).

Finally, in November 1996, the trial court granted Country Mutual's motion to dismiss and entered an order finding that Country Mutual was not obligated to provide UDIM coverage to Flatt due to his failure to initiate an action for such coverage within two years of the date of the accident, as he was required to do under the terms of the policy. Flatt appeals. The relevant facts and dates are summarized as follows:

| | |
|---|---|
| January 1990: | Accident. |
| January 1992: | Flatt sues Russell and his son Thomas. |
| July 1992: | Flatt answers interrogatories indicating he is seeking damages of $400,000. |
| January 1993: | Flatt sends interrogatories to Russell. |
| March 1993: | Russell answers interrogatories indicating: (1) the truck is covered by the $100,000 policy; (2) Russell had a General Casualty policy with $250,000 coverage, but General Casualty had not yet been notified of the accident. This is the first time Flatt knows of the General Casualty policy. |
| November 1994: | General Casualty seeks declaratory judgment arguing it had no duty to provide Russell with liability insurance due to his failure to timely notify it of the accident or the possibility of excess liability. |
| November 1995: | Flatt seeks declaratory judgment that Country Mutual owes him UDIM coverage. |

December 1995: Trial court rules General Casualty must provide Russell with coverage; General Casualty appeals.

August 1996: This court rules General Casualty has no duty to provide Russell with coverage for this accident. *General Casualty*, 283 Ill. App. 3d 376, 669 N.E.2d 1211.

November 1996: Trial court grants Country Mutual's motion to dismiss Flatt's claim for UDIM benefits because Flatt did not file this suit within two years of the accident.

## II

Disposition of this case requires an understanding of the interaction of three provisions of the Country Mutual insurance policy issued to Flatt at the time of the accident. The first relevant provision states:

"If you have Underinsured Motorists coverage ***
***
b. We will pay only after all liability bonds or policies have been exhausted by judgments or payments." (Hereinafter the exhaustion clause.)

The policy subsequently defines "underinsured motor vehicle" as:

"any type of *motor vehicle* or trailer for which the sum of all liability bonds or policies at the time of the accident are [*sic*] less than the limit of this insurance." (Emphasis in original.) (Hereinafter the UDIM definition clause.)

Finally, the policy includes a provision limiting the time in which a suit may be brought against Country Mutual. That provision, in pertinent part, reads:

"*Legal Action Against Us.* No suit, action or arbitration proceedings for recovery of any claim may be brought against *us* until the *insured* has fully complied with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident." (Emphasis in original.) (Hereinafter the limitations clause.)

## III

■ Flatt argues that, under the facts of this case, the limitations clause requirement that an action be brought within two years of the date of the accident violates public policy. As a starting point, Flatt notes that section 143a—2(4) of the Illinois Insurance Code requires that all motor vehicle insurance policies that provide uninsured motorist (UIM) coverage must also provide UDIM coverage in the same amount. 215 ILCS 5/143a—2(4) (West 1992). Flatt then notes that, at the time of the accident, the primary policy provided liability insurance up to $100,000 and that the General Casualty policy

provided an additional $250,000 of excess insurance. Since the Country Mutual policy provided $250,000 of UDIM coverage, and since it defined an "underinsured motor vehicle" as a motor vehicle "for which the sum of all liability bonds or policies at the time of the accident are [*sic*] less than the limit of this insurance," there was no underinsurance problem in the instant case until it was found that Russell had nullified the General Casualty policy by failing to provide General Casualty with adequate notice. Flatt argues that when he first learned he was the victim of an underinsured motorist he could no longer recover under his insurance policy because of the two-year limitation upon the filing of an action against Country Mutual, a period that has long since passed. This, Flatt maintains, violates Illinois public policy.

■ In support of his argument that the limitations clause violates public policy, Flatt relies upon *Coronet Insurance Co. v. Ferrill*, 134 Ill. App. 3d 483, 481 N.E.2d 43 (1985), and *Moses v. Coronet Insurance Co.*, 192 Ill. App. 3d 921, 549 N.E.2d 739 (1989). In *Coronet*, the insured, Cedric Ferrill, had an insurance policy with Coronet Insurance Company (Coronet) that provided UIM coverage. Under the policy, an "uninsured automobile" included automobiles that had liability coverage at the time of the accident, but whose insurance company subsequently became insolvent. The policy also required the insured to notify his insurer of his intent to make a UIM claim within one year of the time that the tortfeasor's insurance company became insolvent. The tortfeasor's insurance carrier was declared insolvent on April 20, 1982, more than four years after the date of the accident. Ferrill became aware of the insolvency in July 1982 and filed a claim against his own insurance company, Coronet, for UIM coverage in May 1983, more than a year after the insolvency but less than a year after he became aware of the insolvency. Coronet refused to pay the claim because Ferrill had not notified it of the claim within one year of the insolvency. The trial court concluded that provision's one-year limitation did not begin to run until Ferrill became aware of the insolvency; the appellate court affirmed, concluding that "[t]he one-year limit serves no notice purposes other than to limit Coronet's liability." *Coronet*, 134 Ill. App. 3d at 486-87, 481 N.E.2d at 46.

In *Moses*, the insured's policy contained a provision identical to that found in *Coronet*. In *Moses*, the tortfeasor's insurance company became insolvent in December 1981. Carlena Moses became aware of the insolvency in early 1982 and filed a proof of claim with the liquidator of the insolvent insurance company. In December 1982, Moses was advised that she must exhaust UIM coverage with her

own insurance company before pursuing claims with the liquidator. In December 1983, more than two years after the insolvency and more than a year after she knew of the insolvency, Moses notified her insurance carrier, Coronet, of the insolvency. Coronet subsequently denied the claim. Moses filed suit seeking to compel Coronet to submit to arbitration. The trial court ruled in favor of Moses, and the appellate court affirmed, rejecting the one-year limitation as "overly restrictive" and violative of Illinois public policy. *Moses*, 192 Ill. App. 3d at 925, 549 N.E.2d at 742.

Flatt argues that the facts of this case are analogous to the situations found in *Coronet* and *Moses*. That is, whether the tortfeasor's insurance company obtains an order nullifying coverage, or subsequently becomes insolvent, the result remains the same: the injured party suddenly finds that the tortfeasor is either uninsured or underinsured. Furthermore, these events are beyond the control of the insured and may occur long after the accident.

Country Mutual responds by noting that identical and nearly identical limitations clauses have been upheld in several cases. See *Wancho v. Country Mutual Insurance Co.*, 275 Ill. App. 3d 936, 937, 657 N.E.2d 40, 41 (1995); *Vansickle v. Country Mutual Insurance Co.*, 272 Ill. App. 3d 841, 843, 651 N.E.2d 706, 707 (1995); *Hannigan v. Country Mutual Insurance Co.*, 264 Ill. App. 3d 336, 342, 636 N.E.2d 897, 901-02 (1994); *Shelton v. Country Mutual Insurance Co.*, 161 Ill. App. 3d 652, 660, 515 N.E.2d 235, 240 (1987). In *Shelton*, the court noted that UIM and UDIM benefits have the practical effect of placing the insurer in the shoes of the tortfeasor and that it would be inequitable to require an insurer to be exposed to liability for a period longer than that applicable to the tortfeasor. Consequently, the court found that the two-year limitations clause did not violate public policy. *Shelton*, 161 Ill. App. 3d at 660, 515 N.E.2d at 240.

In *Vansickle*, the insured, Debra Vansickle, was injured in an automobile accident, and the insurance coverage for the other vehicle provided a maximum of $25,000 personal injury coverage. More than two years after the accident, Vansickle accepted an offer of $25,000 from the other driver's insurance company. Vansickle then sought to recover an additional $25,000, in UDIM benefits, through her policy with Country Mutual, which had a UDIM limit of $50,000. The trial court dismissed Vansickle's lawsuit because it had not been brought within two years of the accident as required by the policy. This court affirmed, concluding that "language of the limitation provision is clear and unambiguous." *Vansickle*, 272 Ill. App. 3d at 842, 651 N.E.2d at 707. We noted Vansickle could have tolled the two-year limitation by filing a proof of claim or an arbitration demand.

*Vansickle,* 272 Ill. App. 3d at 842, 651 N.E.2d at 707, citing 215 ILCS 5/143.1 (West 1992), and *Hermanson v. Country Mutual Insurance Co.,* 267 Ill. App. 3d 1031, 1034, 642 N.E.2d 857, 859-60 (1994). Noting that declaring a provision void as against public policy is an extraordinary and unpalatable remedy, this court upheld the two-year limitations provision because "[i]nsurance companies are entitled to reasonably limit their exposure from an insurance contract." *Vansickle,* 272 Ill. App. 3d at 843, 651 N.E.2d at 707. Finally, we noted an "insured can sufficiently allege a cause of action for [UDIM] motorist benefits if she has sufficient facts to proceed against the tortfeasor. The only additional allegations required are that the insured's damages and the [UIM-UDIM] coverage exceed the tortfeasor's liability insurance." *Vansickle,* 272 Ill. App. 3d at 843, 651 N.E.2d at 707. In short, Vansickle had no excuse for failing to bring her action against Country Mutual within two years of the accident.

Flatt argues these cases are factually distinguishable in that they involved the interplay of only two insurance policies (the tortfeasor's and the insured's), and it was or should have been readily apparent to the insured, within the two-year period, that the tortfeasor's liability insurance was lower than the insured's UDIM policy at issue. Put another way, each of the insureds in *Wancho, Vansickle, Hannigan,* and *Shelton* had viable lawsuits against its UIM-UDIM carrier within the two-year period.

Here Flatt was aware that he had sustained extensive damages as a result of the accident. This awareness put Flatt on notice that he might need to make claim under the UDIM provision of his insurance policy with Country Mutual. However, he did not, within two years of the accident, determine either the amounts or the sources of monies available to compensate him for his damages. Instead, Flatt apparently assumed that there were sufficient sources available to pay his damages in the event he obtained a judgment against the Juhls. The facts of this case are not such that Flatt was misled into believing his UDIM coverage with Country Mutual was inapplicable and unavailable. The facts of this case are such that Flatt should have filed a suit against Country Mutual within the two-year period following the accident.

As we stated in *Vansickle:*

> "Insurance companies that utilize suit limitation provisions must expect to be subjected to lawsuits which allege the likelihood of liability under the [UIM-UDIM] coverage. Of course, the insurance company can avoid the lawsuit by agreeing to put the [UIM-UDIM] issue on hold until the resolution of the action against the tortfea-

sor. As a practical matter, this is an insurance company's probable (and most reasonable) course of action." *Vansickle,* 272 Ill. App. 3d at 843, 651 N.E.2d at 707.

It could be argued that the limitations clause would preclude an insured's action for UDIM coverage even if he had known of the existence of the third policy and been misled into thinking there was sufficient coverage so that his UIM-UDIM coverage would not come into play. That, however, is not the scenario before this court, and we need not decide how we would rule if it were. Flatt was not misled, at the time the two-year limitations period expired, into thinking the Juhls had at least $250,000 of coverage.

■ Flatt next argues that the limitations clause conflicts with the UDIM definition clause, creating an ambiguity in the policy and therefore requiring the application of the 10-year statute of limitations for contract actions. We fail to see a conflict: one provision defines an "underinsured motor vehicle," and the other requires the insured to file claims against Country Mutual within two years. The language of both provisions is plain, clear, and consistent.

Finally, Flatt argues that the limitations clause conflicts with the exhaustion clause, creating an ambiguity in the policy and therefore requiring the application of the 10-year statute of limitations for contract actions. We reject his argument for the same reasons we rejected Flatt's argument above: the language of both provisions is plain, clear, and consistent. *Hannigan,* 264 Ill. App. 3d at 339-40, 636 N.E.2d at 900; *Shelton,* 161 Ill. App. 3d at 657, 515 N.E.2d at 238. Neither the definition clause nor the exhaustion clause prevented Flatt from filing an action against Country Mutual within two years. We reject Flatt's argument that if he had filed suit within the two years the court would have entered an order, binding upon the parties, that the UIM-UDIM coverage did not apply because there was adequate other coverage. Rather, we believe the court would have dismissed the action as premature or ruled that Country Mutual had no liability so long as the General Casualty policy remained viable.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.