STANLEY SMAGALA, Plaintiff-Appellant, v. COLIN OWEN, Indiv. and as Representative of Those Underwriters at Lloyd's, London Subscribing to Policy No. PFS888/92/5214, Defendant-Appellee.

First District (6th Division)    No. 1—97—4069

Opinion filed August 20, 1999.

Torshen, Spreyer, Garmisa & Slobig, Ltd., of Chicago (Jerome H. Torshen and Steven P. Garmisa, of counsel), and Morrison, Mahoney & Miller, of Boston, Massachusetts (Rita B. Gylys, of counsel), for appellant.

Peter R. Coladarci, Ltd., of Chicago (Patrick J. Doherty, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

Plaintiff, Stanley Smagala, brought this breach of contract action against defendant, Colin Owen, individually and as a representative of Lloyd's of London Insurance Co. (Lloyd's), seeking to recover under the personal accident insurance policy plaintiff purchased from Lloyd's. Defendant filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)), which the trial court granted. Plaintiff appeals, contending that: (1) the trial court abused its discretion in granting defendant's motion to dismiss because plaintiff was disabled within 12 months of his injury; (2) plaintiff's complaint is not time-barred; and (3) the insurance policy violates public policy and the doctrine of reasonable expectations.

For the following reasons, we affirm.

To decide this case, we must interpret the terms of a personal accident insurance policy covering a professional athlete. This is a case of first impression.

Plaintiff was a professional football player with the Dallas Cowboys for the 1990 season playing the position of defensive cornerback. In 1992, plaintiff purchased a personal accident insurance policy from defendant for $2,532. The policy was effective from June 15, 1992, to July 21, 1993. The relevant portions of the policy are as follows:

"Underwriters, hereinafter called 'the Insurer', agree with the Holder, named in the Schedule attached hereto, to insure the person or persons as identified in the Schedule, hereinafter called 'the Insured Person', against any bodily injury caused by an accident occurring during the policy period or sickness first manifesting itself during the policy period which shall solely and independently of any other cause within 12 months from the date of such accident or manifesting of such sickness results in the commencement of the permanent total disablement, as herein defined, of the Insured Person and thereby prevent him from continuing his occupation as stated in the Schedule."

"Permanent total disablement" is defined as:

"the Insured Person's complete and total physical inability to engage in his occupation as stated in the Schedule for 12 continuous months. Provided at the end of such 12 months, the Insured Person is adjudged in accordance with the provisions of paragraph 1 of Part 1—agreement of this policy to be completely unable ever again to engage in such occupation."

Part I paragraph 1 states:

"Any claim made under this policy shall be subject to the approval of two independent medical referees, one to be appointed by the holder and one by the insurer. In the event the aforesaid independent medical referees are unable to concur in their opinion that insured is permanently and totally disabled, a third independent medical referee will be appointed by the president of the American Medical Association and/or his nominee and any decision of such third referee shall be final and binding upon all parties hereto."

The insurance policy also contains eight additional exclusionary clauses. Number eight, which is the subject of this appeal, states as follows:

"No action at law or in equity shall be brought to recover under this policy prior to the expiration of 12 months from the commencement of the permanent total disablement as herein defined. No such action shall be brought after the expiration of three years from the commencement of such permanent total disablement."

After procuring the insurance policy, plaintiff was employed by the Pittsburgh Steelers to play the position of defensive cornerback. On August 17, 1992, while playing for the Pittsburgh Steelers in a preseason game, plaintiff injured his right knee. As a result, plaintiff was unable to play football during the 1992 season. Plaintiff underwent an operation on his right knee in the off-season and engaged in rehabilitation therapy. In 1993, during a summer training camp with the Pittsburgh Steelers, plaintiff had difficulty with his right knee and also pulled a hamstring. On August 23, 1993, plaintiff was released from the team.

In March 1994, plaintiff traveled to Indiana to participate in the National Football League (NFL) tryouts. NFL scouts timed plaintiff at 4.6 seconds in the 40-yard dash. Plaintiff's amended complaint alleged that 4.39 seconds is the standard time for a person in the position of defensive cornerback to run the 40-yard dash. After plaintiff's injury and rehabilitation, he never regained the ability to run at a speed of 4.39 seconds or less. Plaintiff subsequently demanded payment under the insurance policy with defendant because he could no longer engage in his occupation as a professional football player. Defendant refused to pay pursuant to the insurance policy.

On December 31, 1996, plaintiff filed his original complaint for breach of contract against defendant alleging that defendant failed to perform its obligations under the insurance policy. In response, defendant filed a motion to strike and dismiss plaintiff's complaint, asserting that plaintiff's alleged disability did not commence within a year of his injury, the complaint was not filed within the applicable policy limitations period and plaintiff failed to give defendant requisite notice of his injury. The trial court granted defendant's motion. Plaintiff's timely appeal followed.

Plaintiff first contends that the trial court erred in granting defendant's motion to dismiss. The standard of review on appeal from a section 2—615 motion to dismiss is whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, sufficiently set forth a cause of action upon which relief may be granted. *Saunders v. Michigan Avenue National Bank*, 278 Ill. App. 3d 307, 310, 662 N.E.2d 602 (1996). All well-pleaded facts and reasonable inferences that could be drawn from those facts are accepted as true, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts. *Lagen v. Balcor Co.*, 274 Ill. App. 3d 11, 16, 653 N.E.2d 968 (1995). A ruling on a motion to dismiss does not require a court to weigh facts or determine credibility and therefore we review the complaint *de novo*. *Vernon v. Schuster*, 179 Ill. 2d 338, 344, 688 N.E.2d 1172 (1997). A complaint should not be dismissed under section 2—615 unless it clearly appears that no set of facts could be proved under the pleadings that would entitle the plaintiff to relief. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 488, 639 N.E.2d 1282 (1994).

Plaintiff specifically asserts that he timely filed suit against defendant within three years from when he knew or should have known that his permanent total disablement began. Plaintiff asserts that he did not know he was permanently disabled until March 1994 when he failed at the tryout camp. Defendant first maintains that per plaintiff's complaint, plaintiff's permanent total disablement did not commence

within 12 months from the date of the injury. Defendant also maintains that since the permanent disability had to occur within 12 months of plaintiff's injury, any suit filed by plaintiff would have to be filed no later than four years after the date of the injury and, therefore, plaintiff did not timely file suit in accordance with the insurance policy.

■ We first examine the general rules with regard to insurance policies. An insurance policy is a contract and must be interpreted in accordance with the rules of contract construction. *Willison v. Economy Fire & Casualty Co.*, 294 Ill. App. 3d 793, 797, 690 N.E.2d 1073 (1998). The construction of an insurance policy is a question of law subject to *de novo* review. *Brile v. Estate of Brile*, 296 Ill. App. 3d 661, 666, 695 N.E.2d 1309 (1998). The function of a court in construing an insurance policy is to ascertain and give effect to the intention of the parties as expressed in the policy. *De los Reyes v. Travelers Insurance Cos.*, 135 Ill. 2d 353, 358, 553 N.E.2d 301 (1990). All provisions of an insurance contract should be read together to interpret it and to determine whether any ambiguity exists. *General Insurance Co. v. Robert B. McManus, Inc.*, 272 Ill. App. 3d 510, 514, 650 N.E.2d 1080 (1995). " 'If the words in the policy are unambiguous, a court must afford them their plain, ordinary, and popular meaning. [Citation.] However, if the words in the policy are susceptible to more than one reasonable interpretation, they are ambiguous [citation] and will be construed in favor of the insured ***.' " *Insurance Co. v. Stringfield*, 292 Ill. App. 3d 471, 473-74, 685 N.E.2d 980 (1997), quoting *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108-09, 607 N.E.2d 1204 (1992).

■ The insuring provision of the instant policy provides that defendant "insure *** against any bodily injury caused by an accident *** which solely and independently of any other cause within 12 months from the date of such accident *** results in the commencement of permanent total disablement." We hold that the insuring provision of the policy is unambiguous and clear. In applying the plain language of the policy to plaintiff's case, we find that since plaintiff's injury occurred on August 17, 1992, his permanent total disability must have commenced by August 17, 1993, in order to recover under the policy. However, in his complaint, plaintiff alleges that his permanent total disablement did not begin until March 13, 1994.

Plaintiff urges this court to apply the discovery rule in this case to delay the onset of his permanent total disablement and the contractual limitations period for filing suit. Plaintiff specifically maintains that although he was injured on August 17, 1992, he was not aware that his injury resulted in permanent total disablement until March 1994.

■ Under the common law discovery rule, the statute of limita-

tions begins to run when a party knows or reasonably should know that an injury has occurred and that it was wrongfully caused, and at that point the party is under an obligation to inquire further to determine whether an actionable wrong was committed. *Benton v. Vonnahmen*, 288 Ill. App. 3d 199, 205, 679 N.E.2d 1270 (1997). "The accrual of the cause of action does not await the awareness by the plaintiff that he actually has a cause of action; the statute of limitations begins to run when a reasonable person possesses sufficient information to be put on inquiry to determine whether a cause of action exists." *Benton*, 288 Ill. App. 3d at 205-06. However, where an insurance policy provision is clear and unambiguous in its requirements, it is unnecessary to apply the discovery rule. See *Hannigan v. Country Mutual Insurance Co.*, 264 Ill. App. 3d 336, 343, 636 N.E.2d 897 (1994); *Wancho v. Country Mutual Insurance Co.*, 275 Ill. App. 3d 936, 937, 657 N.E.2d 40 (1995).

■ We hold that the discovery rule is inapplicable to the case at bar. The language of the limitations provision is clear and unambiguous; plaintiff must file suit no less than one year but no more than three years from the commencement of permanent total disablement. Plaintiff injured his right knee on August 17, 1992. The terms of the policy at issue did not allow plaintiff to file his action until one year after the accident which caused the injury. Therefore, the earliest that plaintiff could have filed his complaint was August 17, 1993. Under this language of the policy in the instant case, we hold that the date of commencement of permanent and total disability was also one year after the injury, August 17, 1993.

Plaintiff underwent surgery and rehabilitation therapy after the injury, but was released from the Pittsburgh Steelers on August 23, 1993. Plaintiff's inability to perform as defensive cornerback for the Pittsburgh Steelers after surgery and therapy during the year after the injury should have put him on notice that he suffered from a permanent and total disability. Furthermore, the record reveals that although he participated in tryouts with other professional football teams, plaintiff did not play professional football again after he was released from the Pittsburgh Steelers in August 1993. As the date of commencement of permanent and total disability was August 17, 1993, plaintiff was required to file his complaint no later than August 17, 1996.

As compliance with the contractual limitations provision is a condition precedent to recovery under a policy of insurance and breach of such a provision "precludes the insured's recovery under the policy" (*Foamcraft, Inc. v. First State Insurance Co.*, 238 Ill. App. 3d 791, 794, 606 N.E.2d 537 (1992)), we hold that plaintiff's failure to comply with the policy requirements renders his suit subject to dismissal.

■ Plaintiff fails to cite any authority for his argument that the insurance policy is against public policy, and, therefore, plaintiff's contention is waived in accordance with Supreme Court Rule 341(e)(7). 155 Ill. 2d R. 341(e)(7); *Pyskaty v. Oyama*, 266 Ill. App. 3d 801, 822, 641 N.E.2d 552 (1994).

■ We also find plaintiff's argument that the insurance policy violates reasonable expectations to be without merit. The doctrine of reasonable expectations is defined as follows:

> "The objectively reasonable expectation of all applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." R. Keeton, Basic Text on Insurance Law § 6.3, at 351 (1971).

The reasonable expectations test has been rejected by the courts of this state. See *General Insurance Co.*, 272 Ill. App. 3d at 515; *Insurance Co. of North America v. Adkisson*, 121 Ill. App. 3d 224, 459 N.E.2d 310 (1984). However, we note that, in Illinois, the doctrine has been used as a tool of construction in assessing the intent of the parties when a contract is ambiguous. *Barille v. Sears Roebuck & Co.*, 289 Ill. App. 3d 171, 175, 682 N.E.2d 118 (1997). In light of our holding that the terms of the insurance policy are not ambiguous, the reasonable expectations test is inapplicable to the case at bar.

Based on the foregoing, the judgment of the circuit court granting defendant's motion to strike and dismiss plaintiff's complaint is affirmed.

Affirmed.

BUCKLEY and ZWICK, JJ., concur.