FOAMCRAFT, INC., Plaintiff-Appellant, v. FIRST STATE INSURANCE COMPANY, Defendant-Appellee.

First District (1st Division) No. 1—90—2305

Opinion filed November 23, 1992.

Law Offices of Michael J. Rovell, of Chicago (Michael J. Rovell, Lisa I. Fair, and Matthew N. Young, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Frank L. Schneider, Marta A. Stein, and Susan Condon, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

This is an appeal by plaintiff Foamcraft Corporation from an order of the court granting defendant First State Insurance Company's motion to dismiss and denying plaintiff's motion to amend its complaint.

In October 1986 plaintiff procured an all-risks property insurance policy from defendant. The initial policy was issued from October 1, 1987, through October 1, 1988, to cover plaintiff's property located on Van Buren Street in Chicago, Illinois. The policy contained a clause which barred any suit brought under the policy if such suit was brought more than 12 months after discovery of an occurrence giving rise to a claim.

On April 8, 1988, plaintiff reported a loss to defendant for damage to its premises allegedly sustained by a windstorm that occurred

April 6, 1988. The claim was referred to the Alper Agency and a representative began discussion of the coinsurance provision of the policy with Matthew Greene, an adjuster for defendant. No other issues related to the policy were discussed. Greene inspected the premises with Paul Gordon, a structural engineer. Based on his investigation, Greene concluded that the damage was due to structural deterioration called "rust jacking."

Defendant sent a letter to plaintiff dated July 18, 1988, denying its claim. Plaintiff then retained George A. Kennedy & Associates, an engineering firm, to examine plaintiff's premises. Kennedy determined that the damage to plaintiff's premises was the result of wind damage and provided a report of these findings to defendant. In light of this evidence, on September 15, 1988, plaintiff sent a letter requesting that defendant reconsider its decision denying plaintiff's claim. On December 20, 1988, defendant denied plaintiff's claim a second time.

On December 1, 1989, plaintiff filed a complaint against defendant for breach of contract. Defendant filed a motion to dismiss the complaint pursuant to section 2—619(a)(5) of the Code of Civil Procedure. Defendant asserted that under the limitations clause of the policy, plaintiff was barred from bringing the suit. Plaintiff argued that defendant could not rely on the limitations clause because: (1) its denial of the claim was an "anticipatory repudiation" of the policy, and (2) defendant had a duty to inform plaintiff in writing of the suit limitations provision and the date the period expired. Plaintiff also argued that defendant initially indicated it would pay defendant's claim, that the denial of coverage was "gross and willful," and that the limitations clause was inconspicuous. The trial court granted defendant's motion to dismiss the complaint with prejudice.

Plaintiff then filed a motion to reconsider and for leave to amend its complaint. The amended complaint did not include additional facts other than those contained in the motion to dismiss. The court denied that motion.

Plaintiff argues on appeal that the trial court erred in granting defendant's motion to dismiss and denying its motion to amend the complaint. Specifically, plaintiff asserts that it attempted to amend its complaint to show bad faith and that defendant should be estopped from asserting the limitations provision of the policy.

■ If the terms of an insurance policy are clear and unambiguous, the words of the policy will be given their plain meaning. (*Giardino v. American Family Insurance* (1987), 164 Ill. App. 3d 389, 517 N.E.2d 1187.) The insured cannot blame the insurance company for

its failure to read the policy to discover the requirements for bringing suit. It is not the duty of the insurer to inform the insured of his duties. (*Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 572 N.E.2d 1258.) Compliance with the contractual limitations provisions is a condition precedent to recovery under a policy of insurance. (*McMahon v. Millers National Insurance Co.* (1971), 131 Ill. App. 2d 339, 341, 266 N.E.2d 714.) A breach of the one-year limitations provision precludes the insured's recovery under the policy and renders his suit subject to dismissal. *Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 572 N.E.2d 1258.

Here, plaintiff did not file suit until December 1, 1989, eight months after the limitations period had lapsed, and almost one year after the claim was denied a second time. Defendant moved for dismissal of plaintiff's complaint under section 2—619(a)(5), asserting that plaintiff's claim was barred by its failure to bring suit within the applicable limitations period. The policy that plaintiff had with defendant specifically stated:

> "No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same shall be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of the State."

■ The decision to grant a motion to dismiss is in the sound discretion of the trial court. (*Keller v. State Farm Insurance Co.* (1989), 180 Ill. App. 3d 539, 546, 536 N.E.2d 194.) The court's decision will not be reversed on appeal absent an abuse of discretion. In this case, it is clear from the language in the policy that the condition precedent for recovery on any claim is that the claim must be filed within one year of the occurrence. The record reveals that the occurrence for which plaintiff sought recovery occurred on April 6, 1988. Plaintiff filed its claim with defendant on April 8, 1988, which claim was denied on July 18, 1988. Plaintiff filed the claim a second time on September 15, 1988, and that claim was again denied by defendant on December 20, 1988. We find that these denials placed plaintiff on notice that the claim would not be paid. Plaintiff at that point could have taken action to preserve its rights under the policy by filing suit.

Therefore, we find that the court did not abuse its discretion in granting defendant's motion to dismiss.

We find unpersuasive plaintiff's argument that defendant should be estopped from raising the limitations provision of the policy. Plaintiff contends that defendant acted in bad faith by calculating the coinsurance penalty for 10 weeks, then failing to indicate that the loss would not be covered, and by burying the limitations clause of the policy in fine print. Plaintiff maintains that under these circumstances, the court should have allowed it to amend the complaint to plead estoppel and anticipatory breach of contract.

Cases in which an insurer's conduct is found to amount to estoppel typically involve a concession of liability by the insurer, advance payments by the insurer to the plaintiff in contemplation of eventual settlement, and statements by the insurer which encourage the plaintiff to delay filing his action. (*Myers v. Centralia Cartage Co.* (1981), 94 Ill. App. 3d 1139, 1143, 419 N.E.2d 465.) Plaintiff has offered no evidence of either of the above criteria. Instead, plaintiff summarily concludes that defendant anticipatorily breached the contract by negotiating in bad faith. The record is quite clear that there were no negotiations as to liability. The only discussion between plaintiff and defendant dealt with the calculation of the coinsurance penalty under the policy. There are no facts in the record to support an assertion that defendant represented that it would settle the claim, that defendant offered advance payment, or encouraged plaintiff not to sue. In fact, after the second denial of the claim, plaintiff had every reason to believe that defendant would not settle. At that time, plaintiff had four months remaining within which it could have filed a timely suit, but did not do so.

Moreover, the evidence in the record shows that plaintiff's amended motion did not set forth additional facts that were not before the court at the time of the original motion to dismiss. Plaintiff itself conceded:

> "We were before the court on May 22nd on defendant's motion to dismiss the complaint of plaintiff.
>
> * * *
>
> Some of the arguments were not contained within the complaint; namely we argued an estoppel argument. We also argued anticipatory breach. We made those arguments to the court. The court listened to them and rejected them and granted the motion. We again ask the court to grant us leave to file a first amended complaint which would contain specific

counts asserting anticipatory breach and equitable estoppel counts against the insurance company."

■ The denial of leave to amend a complaint will be upheld absent an abuse of discretion. (*Melko v. Dionisio* (1991), 219 Ill. App. 3d 1048, 580 N.E.2d 548.) Here, the court had earlier heard plaintiff's argument as to the issues of anticipatory repudiation and estoppel. Plaintiff offered no new argument that would support the court's decision to grant plaintiff leave to amend the complaint. Thus, we cannot say that the trial court abused its discretion in denying plaintiff's motion to amend the complaint.

For the above reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.