NO. 4-03-0045

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

BRUCE MITCHELL and DEBORAH MITCHELL, ) Appeal from

Plaintiffs-Appellants, ) Circuit Court of

) McLean County

STATE FARM FIRE & CASUALTY COMPANY, ) No. 01MR196

Defendant-Appellee. )

) Honorable

) G. Michael Prall,

) Judge Presiding.

_________________________________________________________________

MODIFIED UPON DENIAL OF REHEARING

JUSTICE COOK delivered the opinion of the court:

Plaintiffs, Bruce and Deborah Mitchell, filed suit against defendant, State Farm Fire and Casualty Company, to compel defendant to provide coverage pursuant to an insurance policy.  Defendant moved to dismiss on the basis that plaintiffs' suit was barred by a one-year limitations period found in the insurance policy.  The trial court granted defendant's motion to dismiss, and plaintiffs appeal.  We reverse and remand.

According to plaintiffs' second-amended complaint, their house burned down on November 11, 1999.  Plaintiffs had an insurance policy through defendant that would have covered the loss from the fire.  

On November 23, 1999, defendant delivered a letter to plaintiffs regarding claim number 13-Y533-90.  This letter detailed the various steps the insurance policy required plaintiffs to take and documentation to provide within 60 days after the loss.

On May 8, 2000, defendant sent a letter to plaintiffs, notifying them of the decision to deny payment of their claim.  The denial was based upon plaintiffs' failure to provide documentation and submit to an examination under oath as required by the insurance policy.  This letter further informed plaintiffs that if they intended to proceed with litigation, strict compliance with the policy provisions would be required.  Specifically, the policy requires suit to be commenced within one year after the loss.  This period of limitations is tolled from the date on which proof of loss is filed until the date the claim is denied in whole or in part.  Because defendant had never received a proof of loss, the letter explained, defendant did not believe there was any tolling of the period of limitations.  Defendant suggested plaintiffs had to file suit on or before November 11, 2000, if they were so inclined.  The letter ended by recommending that plaintiffs consult their own legal advisor.

Shortly after receiving the May 8 letter, plaintiffs hand delivered various documents to one of defendant's claim offices in Bloomington, Illinois.  Defendant responded with a letter dated May 16, 2000.  This letter informed plaintiffs that some of the documentation satisfied defendant's prior requests and that some of it did not.  The letter finished by stating:

"This claim remains in a state of denial as 

indicated in our letter May, 8, 2000.  When 

and if you comply with the requests noted 

herein, we will consider whether such delayed 

compliance is adequate for a reconsideration 

of our position on your claim."  

On November 3, 2000, plaintiffs delivered more documentation to defendant.  On November 11, 2000, plaintiffs filed a sworn proof of loss with their insurance agent.  According to plaintiffs, their agent told them that the investigator gave the agent a list of things plaintiffs still had to do.  Plaintiffs then asked their agent if they needed to have an attorney now that defendant was requesting that more information be submitted.  Plaintiffs' agent responded that he did not think defendant would be asking for more information if defendant were not willing to settle this claim.  

On November 16, 2000, defendant sent a letter to plaintiffs, which informed them that their claim had been denied on May 8, 2000, that the claim was still denied, and that as far as defendant knew currently, plaintiffs had failed to file suit within the one-year limitations period.  The letter detailed the various documents plaintiffs had provided and how these documents did not satisfy defendant's requests.  The letter finished by stating:

"To summarize, if the documents you submitted 

shortly before the period of limitations ex-

pired had been submitted in a timely fashion, 

they would have constituted the first step 

towards compliance with the policy conditions 

but they would not have been adequate to 

fully comply with the policy conditions.  

Your untimely and incomplete attempts to 

reverse our stated denial of the claim are 

ineffective and the claim remains denied."

Plaintiffs filed their first complaint on October 24, 2001.  Defendant moved to dismiss on the basis that plaintiffs' suit was barred by a one-year contractual statute of limitations.  The trial court granted defendant's motion to dismiss, and plaintiffs appeal.

This is an appeal from an order granting a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure.  735 ILCS 5/2-619 (West 2000).  When a cause of action is dismissed on a section 2-619 motion, the question on appeal is whether there is a genuine issue of material fact and whether defendant is entitled to judgment as a matter of law.  
Illinois Graphics Co. v. Nickum
, 159 Ill. 2d 469, 494, 639 N.E.2d 1282, 1293-94 (1994). 

Section 143.1 of the Illinois Insurance Code (Code) provides in pertinent part:

"Whenever any policy or contract for in-

surance *** contains a provision limiting the 

period within which the insured may bring suit, 

the running of such period is tolled from the 

date proof of loss is filed, in whatever form 

is required by the policy, until the date 

the claim is denied in whole or in part."  

215 ILCS 5/143.1 (West 2000). 

In this case, the insurance policy at issue contains a limiting provision as described by the Code.  This limiting provision states:

"6. Suit Against Us.  No action shall be 

brought unless there has been compliance with 

the policy provisions.  The action must be 

started within one year after the date of 

loss or damage.  This one[-]year period is ex-

tended by the number of days between the date 

that proof of loss was filed and the date the 

claim is denied in whole or in part."

There is no question in this case that plaintiffs failed to bring suit within one year of the date of loss due to the fire.  The fire occurred November 11, 1999, and plaintiffs filed suit on October 24, 2001.  Therefore, under the limitation provision in the insurance policy, plaintiffs are precluded from bringing this suit.

Plaintiffs argue that they are not precluded from bringing suit, however, because the one-year limitations period has been tolled.  Specifically, plaintiffs argue that the one- year period has been extended by the number of days between the date that proof of loss was filed and the date the claim was denied in whole or in part.

 In support of this argument, plaintiffs first argue that the May 8, 2000, letter denying plaintiffs' claim was not actually a denial of their claim.  Plaintiffs argue that they did not file a claim until November 11, 2000, when they filed their proof of loss.  Therefore, according to plaintiffs, the May 8 letter could not have been a denial of their claim because there was no claim to deny.  Plaintiffs further argue that the November 16, 2000, letter, which defendant sent to plaintiffs acknowledging receipt of the proof of loss on November 11, 2000, but still denying the claim, was not a denial of the proof of loss.  Thus, plaintiffs argue, the one-year limitations period is still being tolled because defendant has never denied plaintiffs' claim.

Defendant's May 8, 2000, letter was a denial of plaintiffs' claim.  That letter, however, was not final, and it is not correct that plaintiffs' only option was to file suit on or before November 11, 2000.  Defendant had the obligation to consider and respond to any information presented to it during the one-year period.  The running of the one-year period "is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."  215 ILCS 5/143.1 (West 2000).  Defendant had to respond to the proof of loss after it was filed; defendant could not issue an absolute denial of the claim before the proof of loss was filed.  Any contrary rule would allow an insurer to ignore a meritorious proof of loss and to pretend to consider the proof of loss while it was only waiting for the one-year period to expire.  

A proof of loss was filed within the one-year period in this case.  The dissent complains that plaintiffs did not file suit until October 24, 2001, almost one year after the one-year period expired on November 11, 2000.  When defendant responded to the proof of loss on November 16, 2000, however, it did not tell plaintiffs that they had only a few days to file suit.  Defendant told plaintiffs that it was already too late, that they should have filed suit by November 11, 2000, before defendant had responded to the proof of loss.  Even if plaintiffs had filed suit on November 16, 2000, they would have been too late.  According to defendant even a filing on November 15 would have been too late.  There was no reason for plaintiffs to quickly file suit after November 16, 2000.  Plaintiffs acted reasonably in filing suit within two years of the fire.        

Alternatively, plaintiffs argue that defendant is equitably estopped from asserting the limitations defense.  "An insurer will be estopped from raising a limitations defense where its actions during negotiations are such as to lull the insured into a false sense of security, thereby causing him to delay the assertion of his rights."  
Hermanson v. Country Mutual Insurance Co.
, 267 Ill. App. 3d 1031, 1035, 642 N.E.2d 857, 860 (1994).  "Cases in which an insurer's conduct is found to amount to estoppel typically involve a concession of liability by the insurer, advance payments by the insurer to the plaintiff in contemplation of eventual settlement, and statements by the insurer which encourage the plaintiff to delay filing his action."  
Foamcraft, Inc. v. First State Insurance Co.
, 238 Ill. App. 3d 791, 795, 606 N.E.2d 537, 540 (1992).  

In 
Hermanson
, the court determined that the plaintiff had not been lured into such a false sense of security because the defendant insurance company never expressed any desire to negotiate its position.  
Hermanson
, 267 Ill. App. 3d at 1035, 642 N.E.2d at 860.  In 
Foamcraft
, the court found no estoppel because the defendant insurance company had not represented that it would settle the claim, offered advance payment, or encouraged plaintiff not to sue.  
Foamcraft
, 238 Ill. App. 3d at 795, 606 N.E.2d at 540.  In this case, however, defendant indicated that it was amenable to reconsidering its decision if plaintiffs provided the requested documentation.  Further, according to plaintiffs, on November 11, 2000, the last day plaintiffs had to file suit within the one-year period of limitations, plaintiffs' insurance agent requested more documentation from plaintiffs and indicated a willingness on defendant's part to settle the claim.  Such actions, if proved true, could have lulled plaintiffs into believing that defendant was still interested in negotiating a settlement beyond the one-year limitations period.  This creates a genuine issue of material fact that precludes dismissal pursuant to section 2-619.  
Illinois Graphics Co.
, 159 Ill. 2d at 494, 639 N.E.2d at 1293-94.  We must therefore reverse and remand for further proceedings.

Reversed and remanded.   

MYERSCOUGH, P.J., concurs.

McCULLOUGH, J., dissents.

JUSTICE McCULLOUGH, dissenting:

The majority finds that defendant is estopped from denying coverage under the insurance policy.  I disagree.  Defendant kept plaintiffs informed of the policy provisions and the time limitations as to filing suit.

On November 23, 1999, defendant, by letter, detailed the various steps the insurance policy required, the documentation to be provided within 60 days after the loss.  More than 60 days later, sometime shortly after May 8, 2000, plaintiff sent some documents to defendant.

Defendant's May 8, 2000, certified-mail, return-receipt-requested letter, made it clear "[a]lthough the investigation is incomplete, we deem it appropriate to make a decision without further delay.  A decision has now been made to deny payment of your claim."  Defendant had requested various documents from plaintiffs, which defendant stated had not been provided.  The letter also informed plaintiffs as follows:

"If you intend to proceed with litigation, strict compliance with policy provisions will be required.  The policy requires that suit be commenced within one year after the loss.  However, by statute in Illinois the period of limitations is tolled from the date on which the proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part.  We have never received a proof of loss, and therefore, we believe there is no tolling of the period of limitations.  If correct, that means you must file suit on or before November 11, 2000 if you are so inclined.  We recommend that you consult with your own legal advisor well in advance of that time.  He may wish to independently compute the tolling period and the expiration of the limitation period.  The statute is found at 215 ILCS 5/143.1.

Rule 9.19 of the Rules and Regulations of the Illinois Department of Insurance requires that we advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 West Randolph Street, Suite 15-100, Chicago, Illinois 60601; and in Springfield at 320 West Washington Street, Springfield, Illinois 62767."

On May 13, 2000, defendant received a letter from plaintiffs.  In response thereto, defendant sent a letter dated May 16, 2000, to plaintiffs acknowledging receipt of plaintiffs' letter and telling plaintiffs they had not complied with the policy condition to provide a personal property inventory and proof of loss within 30 days, as required by the policy.  The May 16 letter made it clear to plaintiffs that the claim remained in a state of denial as indicated in the May 8 letter, and again telling plaintiffs they could take the matter up with the Illinois Department of Insurance.

The record shows defendant, on November 16, 2000, again wrote a letter to plaintiffs.  The first sentence of the letter again told plaintiffs the claim had been denied and that the "denial letter of May 8, 2000 quoted certain policy conditions and duties."  The November 16 letter made it clear plaintiffs had not complied with the policy provisions and spelled out what plaintiffs had failed to do.

The majority refers to plaintiffs' argument that "the one-year limitations period has been tolled" and "that the one-year period has been extended by the number of days between the date that proof of loss was filed and the date the claim was denied in whole or in part."  Slip op. at 5.  This argument does not excuse the failure to file suit until October 24, 2001, almost 2 years after the fire of November 11, 1999, and almost one year after the one-year period to file suit.  Defendant's actions during negotiations did not lull the insured into a false sense of security.  Defendant made it clear to plaintiffs that the claim was denied on several occasions and stressed to plaintiffs the need to file suit as required by the policy.  Plaintiffs point to nothing that occurred to excuse the late filing.

A review of the documents attached to plaintiffs' brief make it clear defendant was even-handed and clearly informed plaintiffs of the limitation period and what plaintiffs needed to do.  Plaintiffs refused to cooperate.  
Hermanson
 and 
Foamcraft
 support the trial court's decision.

In 
Foamcraft
, the court stated:

"There are no facts in the record to support an assertion that defendant represented that it would settle the claim, that defendant offered advance payment, or encouraged plaintiff not to sue.  In fact, after the second denial of the claim, plaintiff had every reason to believe that defendant would not settle.  At that time, plaintiff had four months remaining within which it could have filed a timely suit, but did not do so."  
Foamcraft
, 238 Ill. App. 3d at 795, 606 N.E.2d at 540.

In 
Hermanson
, the court found:

"[P]laintiff was in no way lulled into a false sense of security which caused him to delay filing suit.  Country Mutual at no time wavered from its position denying plaintiff's claim."  
Hermanson
, 267 Ill. App. 3d at 1035, 642 N.E.2d at 860.

I agree with defendant's argument in its petition for rehearing that the decision of the majority is inconsistent with prior decisions, specifically 
Vala v. Pacific Insurance Co.
, 296 Ill. App. 3d 968, 695 N.E.2d 581 (1998), wherein this court found the insured's complaint was time-barred and the motion to dismiss was properly granted.

By its decision, the majority has effectively eliminated the provisions of the policy as to proof of loss, the one-year limitation period of filing suit, and the purpose and meaning of section 143.1 of the Code.  The majority cites no authority for its statement "Plaintiffs acted reasonably in filing suit within two years of the fire" (slip op. at 7), and has effectively overruled 
Valas
, wherein we affirmed the trial court's dismissal based upon a factual background not nearly as persuasive as in this case.

The trial court should be affirmed.