2019 IL App (3d) 170640

Opinion filed April 8, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| BRENDA S. MAIER, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | La Salle County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-17-0640 |
| | ) | Circuit No. 12-MR-259 |
| CC SERVICES, INC., an Illinois corporation, | ) | |
| d/b/a COUNTRY MUTUAL INSURANCE | ) | |
| COMPANY, d/b/a COUNTRY FINANCIAL, | ) | Honorable |
| | ) | Troy D. Holland, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court, with opinion.
Justice McDade concurred in the judgment and opinion.
Justice O'Brien concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1        Brenda S. Maier appeals the dismissal of counts I and III of her amended complaint for declaratory judgment to construe the rights of the parties with respect to Maier's underinsured motorist benefits according to her automobile insurance policy issued by Country Mutual Insurance Company.

¶ 2                                          I. BACKGROUND

¶ 3        Country Mutual Insurance Company (Country Mutual) issued an automobile insurance policy to Brenda S. Maier which included uninsured/underinsured motorist (UIM) benefits in the

amount of $250,000 per person and $500,000 per occurrence. On August 16, 2010, a motor vehicle operated by Leona R. Butler collided with Maier's automobile near the intersection of Illinois Route 170 and Illinois County Road North 2350 in La Salle County. At the time of the collision, Butler had automobile insurance through USAA with liability coverage in the amount of $25,000 per person.

¶ 4 On October 3, 2012, USAA agreed to tender the full liability limits of Butler's automobile insurance policy in the amount of $25,000 to Maier in exchange for a release of liability and dismissal of an action against USAA pending in La Salle County case No. 12-L-98. Allegedly, the liability limits of Butler's USAA policy were not sufficient to fully compensate Maier for her damages resulting from the collision.

¶ 5 On June 5, 2013, Maier filed a four-count amended complaint (amended complaint) for declaratory judgment against Country Mutual. Count I of the amended complaint alleged that Country Mutual breached their contractual duty to pay for Maier's damages and medical expenses in accordance with the UIM coverage outlined in the policy. Count II is not relevant to this appeal. Count III alleged that Country Mutual acted in bad faith by denying Maier the UIM coverage pursuant to section 155 of the Illinois Insurance Code (the Insurance Code). 215 ILCS 5/155 (West 2012). Count IV is not relevant to this appeal.

¶ 6 On July 3, 2013, Country Mutual filed a motion to dismiss all four counts of the amended complaint pursuant to section 2-615 and 2-619 of the Illinois Code of Civil Procedure (the code). 735 ILCS 5/2-615 (West 2012); 735 ILCS 5/2-619 (West 2012). Country Mutual's motion to dismiss alleged that Maier's claim for UIM coverage, set forth in counts I and III, was time-barred due to Maier's failure to make a timely arbitration demand in accordance with the terms and conditions of the policy.

2

¶ 7    On September 20, 2013, the trial court conducted a hearing on Country Mutual's motion to dismiss the amended complaint. At the hearing, Country Mutual argued counts I and III were time-barred because Maier did not make the required written demand for arbitration within two years of the date of the collision.

¶ 8    On October 23, 2013, the trial court issued an order dismissing counts I and III of the amended complaint with prejudice. Specifically, the trial court's order stated:

> "it is clear to the Court that regardless of the notices and correspondence between the parties, if the insurer and the insured have not reached an agreement on the amount of damages of the [UIM] claim, the insured, pursuant to Paragraph 7 [of the policy], must initiate legal action against the [insurance company] within 2 years from the date of the accident."

The court also reasoned that merely providing a notice of a UIM claim is not sufficient because the policy provisions required a written demand for arbitration. The trial court denied Maier's motion to reconsider on January 23, 2014.

¶ 9    On September 26, 2016, following several years of litigation regarding counts II and IV of the amended complaint, Maier filed a second motion to reconsider the trial court's dismissal of counts I and III with prejudice, citing newly-discovered evidence. According to the second motion to reconsider, the newly-discovered evidence consisted of a letter from Maier's attorney to Country Mutual dated January 26, 2011, which reads as follows:

> "Dear Sir/Madam:
>
> This letter is to serve as confirmation that my firm represents the above named claimant for injuries she sustained when she was involved in an accident on the above date. Please

forward an acknowledgement of this letter of representation and notice of attorney's lien to our office upon receipt.

If you have any questions or need additional information, please feel free to contact me.

Very truly yours,
STRONG LAW OFFICES."

In support of the second motion to reconsider, Maier argued the 2011 letter constituted a timely written demand for UIM coverage, a notice of a UIM claim, and a written demand for arbitration. On February 21, 2017, the trial court denied the second motion to reconsider after finding that the January 26, 2011, letter was not a written demand for arbitration as required by the policy language.

¶ 10 On September 14, 2017, the parties settled the case with regard to counts II and IV. On September 20, 2017, Maier filed a timely notice of appeal of the trial court's order dismissing counts I and III of the insured's amended complaint.

¶ 11 II. ANALYSIS

¶ 12 On appeal, Maier first assigns error to the trial court's construction of language contained in section 2 of the policy. The trial court determined that section 2 required Maier to make a written demand for arbitration within two years of the collision in order to become entitled to payment of UIM benefits pursuant to the policy issued by Country Mutual. Based on this construction, the trial court found counts I and III of the insured's first amended complaint were untimely and dismissed counts I and III with prejudice.

¶ 13 A. Motion to Supplement the Record

¶ 14 As a preliminary matter, after this appeal was fully briefed and oral arguments had been presented to this court, an agreed motion was submitted to this court. We address and rule on the agreed motion before reviewing the proceedings in the trial court.

4

¶ 15    On October 17, 2018, Country Mutual submitted an agreed motion to supplement the record, or in the alternative, take judicial notice of the certified insurance policy for our consideration. The pending motion is denied for the reasons set forth below.

¶ 16    In this case, both parties seek to supplement the record on appeal with amended provisions to the insurance policy considered by the trial court and at issue in this appeal. The copy of the policy attached to the agreed motion includes a section labeled "Amendatory Endorsement of Policy Provisions." Here, it is undisputed that the parties did not present the trial court with a complete copy of the policy which included these amendatory provisions. The trial court's rulings also reflect that the court was not asked to construe a policy which included the amendatory provisions.

¶ 17    Rule 329 allows the record on appeal to be supplemented "only with evidence actually before the trial court." *County of Lake ex rel. Lake County Stormwater Management Commission v. Fox Waterway Agency*, 326 Ill. App. 3d 100, 103 (2001). Therefore, we deny Country Mutual's agreed motion to supplement the record.

¶ 18    Furthermore, it would be improper for this court to take judicial notice of a copy of a policy on appeal which includes the amendatory provisions. "Judicial notice is proper where the document in question is part of the public record, and where such notice will aid in the efficient disposition of a case." *Muller v. Zollar*, 267 Ill. App. 3d 339, 341 (1994). Again, it is abundantly clear that the policy the parties now seek to add to the record on appeal, by agreement, does not contain information generally provided to all members of the public. It would be improper for this court to take judicial notice of such a document.

¶ 19    Accordingly, the analysis set forth below reviews the trial court's ruling. In so doing, our analysis will only focus and construe the policy attached to the pleadings and considered by the trial court when coming to its decision.

¶ 20                              B. Section 2-619 Motion to Dismiss

¶ 21    In this case, the trial dismissed counts I and III of Maier's amended complaint with prejudice. We review the trial court's dismissal pursuant to section 2-619 of the code *de novo*, and construe the pleadings and supporting documentation in the light most favorable to the moving party when doing so. *Zahl v. Krupa*, 365 Ill. App. 3d 653, 658 (2006); *Cortright v. Doyle*, 386 Ill. App. 3d 895, 899 (2008). The primary objective in interpreting the provisions of an insurance policy is to give effect to the intentions of the parties. *Rich v. Principal Life Insurance Co.*, 226 Ill. 2d 359, 371 (2007). Where a policy provision is clear and unambiguous, the policy language must be taken in its plain, ordinary, and popular sense. *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 292-93 (2001). Furthermore, insurance policies must be construed as a whole. *Rich*, 226 Ill. 2d at 371. The construction of the provisions of an insurance policy is also reviewed *de novo*. *Eljer Manufacturing*, 197 Ill. 2d at 292.

¶ 22    On appeal, Maier contends that a written demand for arbitration is not required unless the insurer and the insured are involved in an ongoing dispute concerning whether the insured is entitled to recover UIM benefits or concerning the amount of damages to the insured. Alternatively, Maier argues that the language in the body of section 2 of the policy references "uninsured" motorists, and does not apply to "underinsured" motorist claims.

¶ 23    The plain language of the policy at issue states as follows:

**"SECTION 2**
**Uninsured-Underinsured Motorists,**
**Coverage U**

6

**Conditions, Section 2**

* * *

3. **Arbitration.** If **we** and an **insured** disagree over whether **that insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** *or if agreement cannot be reached on the amount of damages,* either party must make a written demand for arbitration. When this is done, each party will select an arbitrator. The two arbitrators will then select a third. If they cannot agree on a third arbitrator within 45 days, either party may request that arbitration be submitted to the American Arbitration Association. (Emphasis added.)

* * *

7. **Legal Action Against Us.** No suit, action or arbitration proceedings for recovery of any claim may be brought against **us** until the ***insured** has fully complied* with all the terms of this policy. Further, any suit, action or arbitration will be barred unless commenced within two years after the date of the accident. Arbitration proceedings will not commence until **we** receive your written demand for arbitration." (Emphasis added.)

¶ 24    First, we swiftly address Maier's argument that a demand for arbitration applies only to claims arising from collisions with a motorist that has *no* liability coverage. Maier asks this court to overlook our duty to construe the policy as a whole. Maier's piecemeal interpretation of the policy ignores that section 2, where the arbitration provisions are set forth in great detail, is titled "Uninsured-Underinsured Motorists, Coverage U." Consequently, we conclude the arbitration provisions are not limited to situations where the insured would be entitled to recovery of damages from an uninsured driver.

¶ 25    Furthermore, Maier also ignores the significance of the disjunctive language in section 2. The policy provides as follows: "If **we** and an **insured** disagree over whether that **insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** *or if agreement cannot be reached on the amount of damages*, either party must make a written demand for arbitration." (Emphasis added.) We conclude the "or" is not superfluous. We agree the first half of the sentence at issue seems to pertain only to the recovery of damages caused by uninsured drivers. However, the second half of the sentence is not limited to only uninsured claims. We construe this provision to require a written demand for arbitration when the insurer and insured have not reached an agreement on the amount of damages at issue regardless of whether the other driver is uninsured or underinsured. Absent an agreement on the amount of the insured's recoverable damages, a written demand for arbitration begins the process of reaching an accord pertaining to the extent of damages the insurer is required to pay the insured. Thus, before filing a suit, action or arbitration proceeding the insured must fully comply with the terms of the policy by making a written demand for arbitration within two years of the collision.

¶ 26    Next, we turn our attention to Maier's argument pertaining to the January 2011 letter from her attorney to Country Mutual. Clearly, the 2011 correspondence from counsel was intended to provide notice as required to perfect an attorney's lien on funds to be distributed by Country Mutual to Maier arising out of this occurrence. Counsel's self-serving letter to secure his payment for legal services provided to Maier does not make any reference to whether Maier was making a claim for UIM benefits. After carefully reviewing the contents of the 2011 letter, we conclude the 2011 letter did not qualify as a "claim" on Maier's behalf for UIM benefits.

¶ 27    Even assuming the letter can be construed as a notice of claim, as Maier argues, a notice of claim differs significantly from a written demand for arbitration. Under similar circumstances,

8

in *Rein v. State Farm Mutual Automobile Insurance Co.*, 407 Ill. App. 3d 969, 977 (2011), the First District construed language in a policy that required a "request" for arbitration. In that case, the court held that when an insured provides notice to the insurer that a UIM claim is being asserted, such notice of a "claim" does not satisfy the contractual requirement of a "request" for arbitration. See *Buchalo v. Country Mutual Insurance Co.*, 83 Ill. App. 3d 1040 (1980) (holding that the insured's letter to the insurer concerning arbitration failed to make an unequivocal demand for arbitration and failed to name an arbitrator as required under the policy); See *Shelton v. Country Mutual Insurance Co.*, 161 Ill. App. 3d 652 (1987) (holding that an insured's notice of attorney's lien did not serve to commence the arbitration process). In addition, our supreme court construed similar policy provisions in *Country Preferred Insurance Co. v. Whitehead*, 2012 IL 113365, ¶ 40 and held that the term "claim" in the context of uninsured motorist benefits is not "synonymous with taking 'legal action' against the insurer, defined in this policy as 'suit, action or *arbitration* proceedings.' " (Emphasis added.)

¶ 28        Further, in *Whitehead*, 2016 IL App (3d) 150080, ¶ 19, our court recognized that an insured must request arbitration and name an arbitrator under the very same policy provisions at issue in this appeal. In so doing, our court cited to the decision in *Rein. Rein v. State Farm Mutual Automobile Insurance Co.*, 407 Ill. App. 3d 969 (2011). This caselaw uniformly stands for the proposition that mere notice of a UIM claim is not synonymous with an arbitration demand.

¶ 29        Maier relies on the Fifth District's decision in *Hale v. Country Mutual Insurance Co.*, 334 Ill. App. 3d 751 (2002) to support her argument that the insurer received some form of notice of her UIM claim, and this notice served as a demand for arbitration. However, our research reveals that *Hale* is the only Illinois case which holds that notice of a UIM claim could

properly serve as a demand for arbitration based on these policy provisions. The *Rein* court expressed disagreement with the Fifth District's decision in *Hale* by observing that "[w]e are aware of no other authority that holds mere notice may somehow satisfy an express limitations provision of an insurance contract." *Rein*, 407 Ill. App. 3d at 976; *Hale*, 334 Ill. App. 3d 751 (2002).

¶ 30    Ultimately, it would be illogical to hold that notice of a UIM claim, which is completely unrelated to arbitration, can somehow satisfy an express contractual provision requiring an insured to make a formal written arbitration demand. Therefore, based on precedent from this court in *Whitehead*, 2016 IL App (3d) 150080, we reach the same result as the trial court. We conclude Maier's failure to make a written demand for arbitration within two years of the collision barred any UIM claim by Maier against Country Mutual according to the terms of the policy.

¶ 31    Next, Maier argues that section 143.1 of the Insurance Code operates to toll the policy's limitations provision and cites the First District's decision in *Hermanson v. Country Mutual Insurance Co.*, 267 Ill. App. 3d 1031 (1994). 215 ILCS 5/143.1 (West 2012) Maier contends that the two-year limitations clause in the policy was tolled from the date of the January 26, 2011, letter from counsel[1], until October 12, 2012, the date when Country Mutual denied Maier's UIM claim as untimely.

¶ 32    Section 143.1 of the Code provides that:

"Whenever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof

---

[1]We note that Maier's brief lists the date insurer received written notice of the UIM claim as January 23, 2011. However, the letter Maier claims provided notice to the insurer was dated January 26, 2011.

of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." *Id*.

¶ 33     By its plain terms, section 143.1 tolling only activates once a "proof of loss" is filed. Consequently, we examine whether Maier submitted the requisite proof of loss that is required by the terms of the policy. The policy provides:

> "5. What To Do In Case of Accident or Loss.
>
> * * *
>
> c. submit a sworn proof of loss when required by us."

¶ 34     The statute allows tolling after a proof of loss. As stated above, the notice of an attorney's lien received by Country Mutual in January 2011 is simply not a notice of a UIM claim. Similarly, we conclude the same 2011 letter constituting a notice of an attorney's lien is not a "proof of loss" as required by the tolling provisions of section 143.1 of the Insurance Code, as Maier contends. A proof of loss fulfills the purpose of providing "the insurer the opportunity to investigate the claim, with the view towards securing information as to any possible defense." *McDonald v. American Family Mutual Insurance Co.*, 251 Ill. App. 3d 354, 356 (1993).

¶ 35     The insured's January 26, 2011, letter lacks any of the information necessary for Country Mutual to reasonably estimate its rights and liabilities in order to prevent fraud and unjust claims from being asserted. Since the 2011 letter cannot be construed to constitute a proof of loss, we conclude the trial court correctly refused to toll the two-year limitation period for making a written demand for arbitration.

¶ 36     The insured also assigns error to the trial court's rejection of Maier's estoppel argument. In essence, Maier contends that Country Mutual's conduct lulled her into believing Country Mutual was handling and adjusting the UIM benefits claim on her behalf. On this basis, Maier

claims estoppel applies and precludes Country Mutual from raising a defense based on the two-year limitations period.

¶ 37　　　　In support of this contention, Maier cites *Mitchell v. State Farm Fire & Casualty Co.*, 343 Ill. App. 3d 281, 285-86 (2003), which stands for the general proposition that "[a]n insurer will be estopped from raising a limitations defense where its actions during negotiations are such as to lull the insured into a false sense of security, thereby causing him to delay the assertion of his rights." (citing *Hermanson v. Country Mutual Insurance Co.*, 267 Ill. App. 3d at 1031, 1035 (1994) (Internal quotations marks omitted.). We note that estoppel typically arises when the insurer acknowledges a duty to pay the insured, makes advance payments to the insured in contemplation of an eventual settlement, and/or makes statements serving to encourage the insured to delay the filing of legal action. *Foamcraft, Inc. v. First State Insurance Co.*, 238 Ill. App. 3d 791, 795 (1992).

¶ 38　　　　In this case, Maier has not directed our attention to facts revealing that any of these scenarios occurred to "lull" the insured into delaying the assertion of her rights. There were no negotiations concerning liability, no representations by Country Mutual that they intended to settle the purported claim, no offers of advance payment, and no evidence of Country Mutual encouraging Maier to hold tight. Taking all the insured's factual allegations as true, the trial was justified in finding that estoppel did not apply.

¶ 39　　　　Lastly, Maier contends that the trial court erred by holding that the limitations clause and the exhaustion clause in the policy were not conflicting and did not give rise to an ambiguity that would violate public policy. In other words, the insured argues that the policy provision stating that "[insurer] will pay only after all liability bonds or policies have been exhausted by judgments or payments" made it impossible for the insured to comply with the policy's two-year

12

limitations period. We disagree. In analyzing the same argument, the court in *Shelton*, 161 Ill. App. 3d at 657 reasoned that the exhaustion clause "in no way conditions when a suit can be filed," but instead, merely "establishes that the insurer agrees to pay the policy holder [UIM] benefits only after the third party's liability limits have been exhausted."

¶ 40        Here, if the insured was reasonably diligent, she could have made a proper UIM claim and filed a proof of loss while waiting for USAA to tender coverage subject to the limitations of Butler's policy. Then, Country Mutual would have been able to properly estimate its potential liabilities and the two-year statute of limitations would have been tolled. Under the policy's exhaustion clause, the fact that Maier was negotiating with USAA did not prevent her from acting diligently and complying with the limitations period present in the policy. The policy provisions did not conflict in this case. For these reasons, we affirm the trial court's decision to dismiss counts I and III with prejudice.

¶ 41                                    III. CONCLUSION

¶ 42        The judgment of the circuit court of La Salle County is affirmed.

¶ 43        Affirmed.

¶ 44        JUSTICE O'BRIEN, concurring in part and dissenting in part:

¶ 45        I agree with my colleagues to deny the agreed motion to supplement the record. But, I respectfully dissent from the remainder of the majority decision because I believe the letter from the insured's attorney to Country Mutual, dated January 26, 2011, was sufficient to satisfy the notice of claim requirements set out by the insurance contract and, therefore, would find the limitations period was tolled from the date of the letter from the insured until the date the insurer denied coverage under the UIM provisions of the insurance policy. The letter references a claim number that had been previously assigned to the accident, was in writing and contained sufficient

13

information about the nature of the claim as to satisfy the requirements of the policy and the tolling provisions set out in section 143.1 of the Illinois Insurance Code (215 ILCS 5/143.1 (West 2016)). At the very least, the letter creates a question of material fact about whether it satisfies the notice requirements so as to make dismissal at this stage of the proceedings inappropriate. Indeed, there was other evidence the insurer had notice of the underinsured claim. Country Mutual set up a UIM claim reserve for Maier on June 22, 2012, after which time the insurer acknowledged that the policy limits covering the underinsured motorist were less than the limits for Maier's UIM coverage. Contrary to the majority's analysis, *Whitehead* does not apply because this policy of insurance did not require a "sworn proof of loss," the letter from Maier's attorney was sufficient to put the insurer on notice of the accident and the subsequent claim for underinsured motorist coverage, thus bringing the notice of claim well within the limitations period. See *Country Preferred Insurance Co. v. Whitehead*, 2016 IL App (3d) 150080, ¶ 18 (policy required insured to submit sworn proof of loss to toll limitations period).

¶ 46     While I agree with the majority that the letter dated January 26, 2011, was not a written demand for arbitration as set out in section 2 of the insurance policy, I disagree with the majority's finding that a written demand for arbitration was required prior to the insured being able to proceed as set out in counts I and III. Section 2 of the insurance policy at issue here mandates arbitration in the following circumstance:

>     "3. **Arbitration.** If **we** and an **insured** disagree over whether **that insured** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** *or if agreement cannot be reached on the amount of damages*, either party must make a written demand for arbitration. When this is done, each party will select an arbitrator. The two arbitrators will then select a third. If they cannot agree on a third arbitrator within 45

days, either party may request that arbitration be submitted to the American Arbitration Association." (Emphasis added.)

The plain language of the arbitration clause makes it clear that the parties must disagree about either the right to coverage or the amount of the claim as a prerequisite to invoking the arbitration clause. In the case before us, the insurer had not notified the insured about any determination regarding coverage or any amount of coverage. A demand for arbitration made by Maier at that juncture would, in my opinion, have been premature.

¶ 47 The first time Maier was put on notice that there was a disagreement over coverage was on October 12, 2012, when Country Mutual initially denied her UIM coverage claim. There is no obligation to make a demand for arbitration until there is a dispute. *Buchalo v. Country Mutual Insurance Co.*, 83 Ill. App. 3d 1040, 1045 (1980) (on similar arbitration policy language, court found policy called for arbitration "if the parties fail to agree upon an adjustment"). The two-year statute of limitations for invoking the arbitration clause as set forth under section 2 of the insurance policy is tolled from the date of Maier's notice of claim, January 26, 2011, until October 12, 2012, when Country Mutual denied coverage. *Hermanson v. Country Mutual Insurance Co.,* 267 Ill. App. 3d 1031, 1034-35 (1994) (statute of limitations period tolled between insured's notice of claim and insurer's denial and between insured's arbitration demand and insurer's rejection of demand).

¶ 48 For those reasons, I would reverse the trial court's dismissal of counts I and III of plaintiff's amended complaint for declaratory judgment and remand to the trial court for further proceedings.